IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRILL P.,[1] ) <br> ) <br>       **Plaintiff,** ) <br> ) <br>   v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security,[2] ) <br> ) <br>       **Defendant.** ) <br> ) | No. 20 C 6470 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Sherrill P.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary remand [Doc. No.18] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 1, 2018, Plaintiff filed a claim for DIB, alleging disability since May 1, 2017. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 17, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On December 26, 2019, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 1, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: lumbar degenerative disc disease and hypertension. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: should never climb ladders, ropes, or scaffolds; and only frequently stoop or crouch. At step four, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a TSA Officer, Sales Representative, and Front Desk Clerk, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386,

389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in

4

evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the

Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly discounted the opinions of Plaintiff's treating orthopedist; and (2) the ALJ improperly discounted Plaintiff's allegations regarding the nature and limiting effects of her impairments.

For her second argument, Plaintiff contends, *inter alia*, that the ALJ improperly discounted Plaintiff's alleged symptoms based on Plaintiff's activities of daily living. In his decision, the ALJ noted Plaintiff's allegations that her conditions limit her ability to lift, squat, bend, stand, reach, walk, sit, kneel, and climb. (R. 25.) The ALJ further noted Plaintiff's hearing testimony that she "continues to have daily pain ranging from a 4 to 6 out of 10, which is exacerbated by sitting for long periods." (*Id.*) The ALJ also noted Plaintiff's hearing testimony that "she needs help with any lifting, and receives help from her family with household chores, such as cleaning and carrying groceries" and her "family members visit her daily to assist." (*Id.*) However, the ALJ found Plaintiff's activities of daily living as not "supportive or consistent with the alleged symptoms or limitations." (*Id.*)

To that point, the ALJ provided the following reasoning:

In a Function Report completed during the alleged period of disability, despite alleging significant limitations the claimant also reported she

6

> has no problems with personal care, and does not need reminders for personal needs or grooming. The claimant reported that she could prepare complete meals for up to an hour, and perform household chores such as laundry and cleaning "all-day" for four to five hours twice a week. . . . The claimant also indicated she could use public transportation and shop in stores for food on a regular basis for an hour and [a] half, suggesting the ability to plan a route, attend to [a] task for a significant period, and function in a public setting. Despite alleging significant pain complaints, the claimant indicated she retained [the ability] to pay bills, handle a savings account, use a checkbook, and states her ability to handle her finances has not changed since the conditions began suggesting a lack of interference with cognition and focus from her reported pain. The claimant reported that she spends time with others on a regular basis, dining out multiple times a week, and denied any difficulty getting along with others. The claimant also indicated she was very attentive and could finish what she starts.

(*Id.* 25-26 (citations omitted).)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). Further, a

7

level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Under this legal framework, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficiently supported. A big part of the problem is that the ALJ's reasoning is, for the most part, untethered from Plaintiff's primary allegations of physical pain and lifting restrictions. Indeed, per the ALJ's symptom recitation and Plaintiff's hearing testimony, Plaintiff has alleged *physical* limitations, while the ALJ's credibility assessment confusingly deals with issues pertaining to *mental* impairments. Plaintiff did not testify that she has problems with personal care, attending to tasks, functioning in public setting, cognition, focus, or interacting with others, so it remains unclear why the ALJ addressed those topics. While the ALJ tangentially ties the topics to Plaintiff's pain allegations, that misses the mark, because Plaintiff does not appear to have alleged that her pain impacts her mentally. Furthermore, the ALJ did not adequately explain how, for instance, using public transportation or handling finances is inconsistent with Plaintiff's lifting restrictions. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)

8

("Although [the ALJ] briefly described Villano's testimony about her daily activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and limitations she claimed."). Crucially, though an inability to lift is Plaintiff's principal alleged impairment, the ALJ's analysis concerning daily activities does not even mention lifting at all.

Ultimately, the ALJ's reasoning is faulty because it is mostly disconnected from the actual allegations in the case. *See Ghiselli v. Colvin*, 837 F.3d 771, 778-79 (7th Cir. 2016) ("As the main factors identified by the ALJ as informing his negative assessment of Ghiselli's credibility were either improperly analyzed or unsupported by substantial evidence, the determination itself must be considered patently wrong.") (citation omitted). Moreover, and in any event, the Court finds that the ALJ did not sufficiently explain how Plaintiff's daily activities are inconsistent with her specific claimed limitations, an error that requires that this case be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

9

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the ALJ's credibility finding is adequately supported in all respects and the opinions of Plaintiff's treating orthopedist are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary remand [Doc. No.18] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.** **ENTERED:**

*Maria Valdez*

**DATE:   July 14, 2022**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**